70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark A. NORTON, Petitioner-Appellant,
v.
Curtis E. WINGARD, Respondent-Appellee.
 No. 95-3211.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: SILER and DAUGHTREY, Circuit Judges; and ROSEN, District Judge.*
 
 ORDER
 
 2
 Mark A. Norton, a pro se Ohio prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Norton has also filed a motion to strike the appellee's brief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The motion to strike is moot because the respondent is not filing a brief.
 
 
 3
 On January 19, 1993, a Franklin County, Ohio, jury found Norton guilty of one count of aggravated robbery with a firearm specification, three counts of kidnapping with a firearm specification, and one count of having a weapon under a disability with an offense of a violent specification and a firearm specification. Norton was sentenced as follows: for aggravated robbery, eight to twenty-five years plus three years actual incarceration for the use of the firearm; for the three kidnapping charges, six to fifteen years (concurrently) plus three years actual incarceration for the use of the firearm; and for the weapon under a disability charge, two to five years plus three years actual incarceration for use of the firearm. The kidnapping sentences were to run consecutively to the aggravated robbery and weapon under a disability sentences. The aggravated robbery and the weapon under a disability sentences were to run concurrently. All the firearm specifications were merged.
 
 
 4
 Following unsuccessful attempts to overturn his conviction, Norton filed his petition for a writ of habeas corpus in which he attacked his conviction on the following four grounds:
 
 
 5
 1. Conviction obtained through use of one-to-one show up which was unnecessarily suggestive and conducive to irreparable misidentification.
 
 
 6
 2. Identification evidence was insufficient as a matter of law.
 
 
 7
 3. Conviction based upon insufficient evidence to establish venue beyond a reasonable doubt.
 
 
 8
 4. Ineffective assistance of trial and appellate counsel.
 
 
 9
 The district court denied the petition as meritless in an opinion and order filed February 3, 1995. Judgment was entered February 6, 1995.
 
 
 10
 Upon review, we conclude that the district court properly denied Norton's petition for a writ of habeas corpus as Norton has not been denied a fundamentally fair trial. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 11
 Despite bearing an evident risk of suggestibility, the identification procedure employed here was not impermissibly suggestive under the circumstances of this case. Simmons v. United States, 390 U.S. 377, 383 (1968). In any event, there were sufficient indicia of reliability such that there is no substantial likelihood of irreparable misidentification, as discussed in detail in the district court's opinion. See Simmons, 390 U.S. at 384. In short, Norton has no valid due process claim.
 
 
 12
 To the extent that Norton's assertion of error with regard to the eyewitness identification goes to the sufficiency of the evidence, his assertion is equally without merit. To assess Norton's argument that the state's evidence was insufficient to establish Norton's identity as the perpetrator and thus insufficient to support his conviction, this court must look not just to the eyewitness identification, but beyond. The test is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). Given this standard of review, and upon a careful examination of the record, we conclude that the evidence was sufficient to establish Norton's identity and to support his subsequent conviction.
 
 
 13
 Norton's argument that the evidence was insufficient to establish the trial court's venue concerns a perceived error of state law which rarely serves as a basis for habeas corpus relief, and does so only when the petitioner is denied fundamental fairness in the trial process. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994). Norton has not demonstrated a denial of fundamental fairness on account of his Franklin County, Ohio, venue. Accordingly, Norton's third ground for relief is meritless.
 
 
 14
 Finally, in his habeas petition, Norton asserted that both trial and appellate counsel were constitutionally ineffective for failing to preserve and argue the alleged errors in grounds one through three of his petition. The district court held that because claims one through three were meritless, Norton could not demonstrate trial or appellate counsel's unreasonable performance on the ground that either attorney failed to raise these claims before the Ohio courts. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In his appellate brief, Norton does not challenge the district court's conclusion; rather, he contends that he was denied the effective assistance of counsel because trial counsel "failed to renew his motion for judgment of acquittal so as to preserve this issue for appellate review." This claim was not raised in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances warrant addressing this claim now.
 
 
 15
 For the foregoing reasons, the motion to strike the appellee's brief is denied as moot, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation